# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

WAYNE B. HERRMANN,                )
                                  )
      Plaintiff,           )
                                  )
v.                                )    Case No. 11-1123-RDR
                                  )
RAIN LINK, INC., *et al.*,        )
                                  )
      Defendants.          )

## REPORT & RECOMMENDATION

This matter comes before the court upon Plaintiff's Motion for Spoliation Sanctions (ECF No. 125). Plaintiff Wayne B. Herrmann seeks spoliation sanctions including: (1) adverse inference jury instructions and analogous inferences by the court on the pending summary judgment briefing; (2) the admission of evidence related to defendants' spoliation of evidence; (3) the exclusion of certain evidence and testimony that plaintiff contends he is not able to examine because of defendants' spoliation of evidence; (4) an award of attorney fees; and (5) additional monetary sanctions. Because the present record does not demonstrate that plaintiff was prejudiced by the destruction of evidence, the undersigned recommends that the district judge deny plaintiff's motion in so far as it seeks adverse inference jury instructions and analogous inferences by the court in conjunction with summary judgment briefing, attorney fees, and additional monetary sanctions. The remainder of the sanctions plaintiff seeks pertain to the admission and exclusion of evidence at trial. The magistrate judge recommends that the district judge deny the remainder of plaintiff's motion without prejudice. As discussed in more detail below, it is a close call whether plaintiff was prejudiced by the destruction of metadata associated with a memorandum drafted by defense counsel. The undersigned recognizes that another judge might reach a different conclusion. And apart from spoliation sanctions, the judge

who will preside over the trial of this case could find that admission of some evidence concerning spoliation might be admissible on grounds other than as a sanction. In short, issues concerning admission and exclusion of evidence are best left to the judge presiding over the trial.

## I. Background

Plaintiff alleges that Rain Link, Inc. violated the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and the Kansas Act Against Discrimination, § 44-1001, *et seq.*, when it did not permit him to return to work, failed to offer reasonable accommodation for his disability, and ultimately terminated his employment. He also claims Dennis Dixon and Shonda Chapa—both of whom held Rain Link shares along with plaintiff—breached fiduciary duties owed to plaintiff and oppressed his rights as a minority shareholder. Plaintiff also asserts a claim under the Kansas Wage Payment Act, K.S.A. 44-312, *et seq.*, alleging that Rain Link failed to pay him his earned bonus.

The present dispute stems from defendants' spoliation of evidence. It is undisputed that defendants failed to properly preserve documents and electronically stored information (ESI) and in some cases destroyed documents and ESI. Plaintiff has moved for spoliation sanctions to correct what he contends is the prejudice he has suffered as a result of the destruction of evidence in this case.

## II. Discussion

Spoliation is the "'destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.'"[1] Federal courts have authority to impose a variety of sanctions for spoliation of

---

[1] *School-Link Techs., Inc. v. Applied Res., Inc.*, No. 05-2088-JWL, 2007 WL 677647, at *3 (D. Kan. Feb. 28, 2007) (quoting *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 430 (S.D.N.Y. 2004)).

evidence.[2] However, a "party can only be sanctioned for destroying evidence that it had a duty to preserve, and such duty arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation."[3] "This notice may come at hands of differing events, but mostly commonly, a party is deemed to have notice of pending litigation if the party has received a discovery request, a complaint has been filed, or any time a party receives notification that litigation is likely to be commenced."[4]

The Tenth Circuit has stated that a spoliation sanction is proper when (1) a party had a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence.[5] If an aggrieved party seeks an adverse inference jury instruction—as plaintiff does here—that party must also prove bad faith on the part of the producing party.[6] Negligence in losing or destroying documents is not sufficient "because it does not support an inference of consciousness of a weak case."[7]

### A. Defendants allowed the destruction of evidence they had a duty to preserve.

Defendants do not dispute that Rain Link received a letter from the Kansas Human Rights Commission (KHRC) dated June 10, 2009, notifying Rain Link of its obligation to preserve documents because plaintiff had filed an administrative charge of discrimination. In conjunction with the briefing on a discovery dispute, defendants previously represented to the court that they

---

[2] *See Burlington N. & Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1032 (10th Cir. 2007).

[3] *Cook v. Olathe Health Sys., Inc.*, No. 10-CV-2133-KHV-DJW, 2011 WL 346089, at *4 (D. Kan. Feb. 2, 2011) (internal quotations and citations omitted).

[4] *Oxford House, Inc. v. City of Topeka*, No. 06-4004-RDR, 2007 WL 1246200, at *3 (D. Kan. Apr. 27, 2007) (internal citations omitted).

[5] *Burlington N. & Santa Fe Ry. Co.*, 505 F.3d at 1032.

[6] *Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d 1136, 1149 (10th Cir. 2009).

[7] *Id.* (quoting *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1407 (D. Kan. 1997)).

anticipated litigation to be imminent at the time they received the KHRC letter.[8] Since receiving the KHRC letter, it is clear that, at a minimum, defendants failed to properly preserve, and in some cases destroyed, documents. The present record, however, does not demonstrate that plaintiff was prejudiced or that defendants acted in bad faith.

### B. Plaintiff has not shown prejudice.

Plaintiff argues that prejudice and intentional spoliation of evidence are related in that the court may presume prejudice if the spoliation was intentional. In support, Plaintiff cites *In re Krause*, a 2007 opinion from the U.S. Bankruptcy Court for the District of Kansas. *Krause*, however, relies on the often-cited *Zubulake* opinions from the Southern District of New York for their pronouncements concerning willful spoliation and relevance: "When evidence is either willfully or intentionally destroyed in bad faith, that fact alone is sufficient to demonstrate . . . relevance [of the destroyed documents]."[9] Since *Krause*, however, the Tenth Circuit has issued opinions that make clear it is necessary to demonstrate prejudice.[10] Because *Krause* predated those opinions, the court does not find its statements persuasive in this context. Plaintiff cites no authority from the Tenth Circuit for his proposition that he need not show prejudice so long as the destruction of documents was intentional. Moreover, the court does not find that the document destruction here was in fact intentional. The examples of document destruction

---

[8] Defs.' Resp. to Pl.'s Mot. to Compel at 16-17, ECF No. 49 (claiming privilege and work-product protection as to documents created at the time of the KHRC investigation).

[9] *In re Krause*, 367 B.R. 740, 767 (Bankr. D. Kan. 2007).

[10] *See Turner*, 563 F.3d at 1149 ("Spoliation sanctions are proper when '(1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence.' But if the aggrieved party seeks an adverse inference to remedy the spoliation, it must also prove bad faith.") (internal citations omitted); *Burlington N. & Santa Fe Ry. Co.*, 505 F.3d at 1032 ("A spoliation sanction is proper where (1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence."). Neither opinion states that the court may infer prejudice if the destruction of evidence was intentional.

resulted from defendants' failure to suspend their routine practices, which under the circumstances, demonstrates negligence. It does not suggest an intent to deprive plaintiff of evidence. This includes the destruction of draft meeting minutes, which defendants contend occurred as a routine practice to prevent draft documents from being inadvertently signed and filed. Plaintiff is not relieved of his obligation to make a showing of prejudice.

In the context of demonstrating prejudice, the moving party has the burden to demonstrate actual prejudice rather than theoretical prejudice.[11] This requires some showing that the destroyed evidence would have been relevant to the claims or defenses in the case.[12] It is not enough to speculate that the moving party is prejudiced because the evidence no longer exists, for this is true in any case involving spoliation of evidence.[13]

Defendants contend that a portion of documents referenced in plaintiff's motion either never existed, were produced to plaintiff in discovery, or were properly withheld based on a claim of privilege. Plaintiff contests these assertions with respect to some documents, but the court will not delve into details concerning these documents where plaintiff has not attempted to show he suffered prejudice.[14] That is, the court will only address those documents referenced in

---

[11] *Turner*, 563 F.3d at 1150 ("[T]here is no evidence that Turner was 'actually rather than merely theoretically' prejudiced by their loss.").

[12] *See Henning v. Union Pac. R.R. Co.*, 530 F.3d 1206, 1220 (10th Cir. 2008) (stating that without proving relevance, the party moving for sanctions could not show she was prejudiced).

[13] *Linnebur v. United Tel. Ass'n*, No. 10-1379-RDR, 2012 WL 2370110, at *3 (D. Kan. June 21, 2012) ("It is not enough for a party seeking spoliation sanctions, however, to raise an issue of theoretical prejudice—that prejudice cannot be known because the documents and information no longer exist. This is true in any instance involving the destruction of evidence.").

[14] Similarly, spoliation sanctions are not appropriate for defendants' alleged general failure to implement a proper litigation hold, absent a showing of prejudice.

the portion of plaintiff's briefs addressing prejudice.[15] As discussed below, these include: correspondence concerning a Rain Link loan from Meritrust Credit Union, draft meeting minutes and other meeting-related documents, work-in-progress data, and a memorandum written by defense counsel.

### i. E-mail Correspondence Concerning the Meritrust Loan

In March 2010, following plaintiff's administrative charge of discrimination but prior to filing this suit, Rain Link was in the process of obtaining a loan from Meritrust Credit Union. Meritrust apparently required documentation concerning plaintiff's separation of service and Ms. Chapa's and Mr. Dixon's authority to approve a loan to Rain Link. Defendants failed to preserve the native-format versions of these loan-related e-mails. Instead, defendants have produced hard-copy versions of the e-mails that Ms. Chapa forwarded to defense counsel. According to plaintiff, defendants also failed to produce two attachments to these e-mails, originally withheld based on a claim of privilege and later compelled by the court to be produced.[16] Plaintiff does not specify how he has been prejudiced beyond saying that "[i]t is no stretch of the imagination" to assume, based on the deletion of the e-mails while plaintiff was on leave, that defendants destroyed other relevant and probative evidence.[17] In his reply brief, plaintiff adds that the documents produced to plaintiff by Meritrust did not include its e-mail correspondence with defendants, which plaintiff claims demonstrates prejudice because it shows the lost evidence is not available elsewhere. Plaintiff has failed to articulate what he expects this evidence would have shown and how it would have been relevant to the claims or defenses in this case. The court

---

[15] Mem. in Supp. of Pl.'s Mot. for Spoliation Sanctions at 17-19, ECF No. 126; Reply Mem. in Supp. of Pl.'s Mot. for Spoliation Sanctions at 3-7, ECF No. 145.

[16] Mem. and Order at 26, ECF No. 111.

[17] Mem. in Supp. of Pl.'s Mot. for Spoliation Sanctions at 17-18, ECF No. 126.

6

finds he has not shown prejudice as to the spoliation of the electronic copies of the loan-related e-mails or the attachments to these e-mails.

### ii. Corporate Meeting Minutes

Defendants have also failed to produce to plaintiff drafts of meeting minutes. Apparently, it was defense counsel's practice to make changes to these types of documents by hand, with his legal assistant then making the changes to the electronic file. Defendants failed to preserve these versions of the draft minutes. Similarly, defense counsel states that his general practice is to instruct clients to discard drafts of corporate minutes and other draft documents so that a draft is not inadvertently signed and filed in the corporate minute book.

Plaintiff contends he suffered prejudice because the loss of additional draft meeting-related documents would show they were created merely to "paper the file" and were not based on events that actually occurred. Clearly, there is already evidence that the minutes were not created at the time of the meetings. Defendants state in their response brief that the minutes were prepared after-the-fact in order to respond to Meritrust's loan requirements.[18] Knowing that defendants have conceded as much, it is difficult to understand plaintiff's position that the metadata associated with these documents would somehow bolster plaintiff's contention that the documents were not prepared at the time of the meetings. In his reply brief, plaintiff additionally suggests that the metadata associated with these documents would have illuminated the content and sequence of revisions, which would have supported plaintiff's contention that the meetings never took place and that defense counsel fabricated the 2010 documents. Again, knowing that the minutes were not created at the time of the alleged meetings, it is difficult to see how plaintiff

---

[18] Defs.' Mem. in Opp'n to Pl.'s Spoliation Sanctions Mot. at 14, ECF No. 133 ("The minutes were prepared to respond to the bank's loan requirements. No one intentionally represented to plaintiff that these minutes were a contemporary record prepared by [Rain Link] or its counsel at the time of plaintiff's termination.").

7

envisions the metadata would somehow show the meetings never took place or that defense counsel fabricated the documents. The court finds plaintiff has not shown he was prejudiced by the destruction of the draft meeting minutes and related documents.

### iii. Work-in-Progress Data

Defense counsel sent plaintiff's counsel a letter dated February 9, 2010, that offered to relieve plaintiff of his liability as a guarantor for Rain Link's debts in exchange for assignment of plaintiff's stock interest.[19] The letter makes the point that if Rain Link liquidated, "the assets would just cover the debt."[20] The letter goes on to mention the decline of Rain Link's work in progress (WIP). It states that the December 2008 WIP was $636,682 and the December 2009 WIP was $285,591. Plaintiff asserts that defendants allowed the spoliation of documents related to Rain Link's year-end WIP values from 2004 to 2011. Defendants, however, state that the numbers used in this letter were provided to Ms. Chapa by Harold Schoeffler, who worked as Rain Link's commercial sales representative from September 15, 2008, to June 30, 2010. Defendants are unaware how Mr. Schoeffler came up with these figures. They have produced a current spreadsheet of Rain Link's installation schedule and informed plaintiff they were unable to produce historical year-end WIP numbers because these numbers do not exist.

Based on the current record, the court cannot determine whether any documents relating to the year-end WIP numbers were actually destroyed. There is no testimony from any of the Rain Link shareholders demonstrating that this information was specifically created or maintained by Rain Link. There is just the letter from defense counsel, which purportedly is based on figures provided by an individual unable to be located. What is not known is how Mr.

---

[19] Letter from Jerry D. Bogle to Andrew P. Thengvall at 1, ECF No. 126-14.

[20] *Id.*

Schoeffler came up with these numbers—whether documents showing year-end WIP values existed at one time but have since been destroyed, or whether Mr. Schoeffler came up with these figures another way. In any event, the court does not reach the issue of prejudice as to these documents because there is not sufficient evidence to determine whether these documents ever existed and were subsequently destroyed.

    iv.   **Defense Counsel's Memorandum**

On May 6, 2009, defense counsel and plaintiff's counsel discussed over the telephone plaintiff's employment at Rain Link. Plaintiff's counsel contends defense counsel informed him Rain Link was terminating plaintiff's employment. Defense counsel contends he told plaintiff's counsel that plaintiff had abandoned his job. Defense counsel created a memorandum memorializing the conversation. Defendants produced to plaintiff a PDF version of the memorandum. According to defendants, they were unable to produce the native-format version of the memo because defense counsel's computer crashed in October 2009, and the metadata, including the dates documents were created, was lost. Plaintiff argues he is prejudiced by the destruction of the metadata because he cannot determine when the document was actually created and cannot challenge its authenticity. Whether Rain Link terminated plaintiff's employment or whether plaintiff abandoned his job is a central issue in this case. Additionally, plaintiff also argues this ESI could be relevant to showing pretext.

This issue presents a close call as to prejudice because the metadata could have been relevant had it shown the document was created well after the phone call on May 6. The trouble with this argument is that plaintiff has essentially called into question defense counsel's veracity. Defense counsel, as a member of the bar and admitted to practice before this court, has submitted an affidavit in conjunction with the summary judgment briefing. The affidavit attests that the

May 6 memorandum memorializes his phone call with plaintiff's counsel and attests that the memorandum was prepared on May 6, 2009.[21] While the court understands that defendants were negligent with regard to preserving documents and ESI, plaintiff has not pointed to any evidence suggesting that defense counsel would make misrepresentations to this court and produce a fraudulent document. The court finds that plaintiff has not shown prejudice because the metadata's relevance hinges on it revealing the document was not created on May 6, 2009, and based upon the present record and the affidavit of defense counsel, the court finds that the metadata likely would not have supported this theory.

### C. Conclusion

The magistrate judge finds that while some documents and ESI were destroyed, plaintiff has not shown he was prejudiced by the destruction of documents. Because plaintiff has not shown prejudice, the court will not delve into a lengthy analysis of bad faith. However, the record demonstrates that the destruction of documents and ESI was a result of defendants' failure to suspend their normal practices. In other words, defendants were negligent, which is not sufficient to warrant an adverse-inference jury instruction. The magistrate judge recommends that the district judge deny plaintiff's motion in so far as it seeks adverse-inference jury instructions and analogous inferences by the court in conjunction with summary judgment briefing, attorney fees, and other monetary sanctions.

The magistrate judge recommends that the district judge deny the remainder of plaintiff's motion without prejudice. The issue of whether plaintiff was prejudiced by the loss of metadata associated with defense counsel's memorandum is a close call, and the magistrate judge recognizes that another judge might reach a different conclusion. Apart from spoliation

---

[21] *See* Aff. of Paul S. McCausland at 1-2, ECF No. 132-27.

sanctions, the judge who will preside over the trial of this case could find that admission of some evidence concerning spoliation of evidence might be helpful for determining the probative value of the documents referenced in this order—depending when and how these are placed into evidence. In any event, issues concerning admission and exclusion of evidence—either as a spoliation sanction or otherwise—are best left to the judge presiding over the trial.

Pursuant to 28 U.S.C.§636(b)(1), Fed. R. Civ. P. 72, and D. Kan. Rule 72.1.4, the parties shall have fourteen (14) days after service of a copy of this Report and Recommendations to file any written objections. A party must file any objections within the fourteen-day period if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

Dated this 19th day of July, 2013, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge